**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RITA GRAHAM** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:16-1990 |
| v. | : | (JUDGE MANNION) |
| **VALLEY VIEW SCHOOL DISTRICT** | : | |
| | : | |
| Defendant | : | |
| | : | |

**MEMORANDUM[1]**

## I. INTRODUCTION

Presently before the court is defendant Valley View School District's ("Valley View") motion for summary judgment (Doc. 29). Based on the following, Valley View's motion (Doc. 29) shall be **DENIED**.

## II. BACKGROUND

In an amended complaint (Doc. 11) filed on December 29, 2016, plaintiff Rita Graham ("Graham") alleged failure to hire and retaliation claims

---

[1] Before the court is a nearly identical lawsuit involving the same claims, defendant, and attorneys. As such, both parties to this lawsuit filed nearly identical pleadings, motions, and briefs in each lawsuit. Therefore, the court's memorandum herein is substantially similar to that in the other case. *See Zahradnik v. Valley View School District*, No. 16-1988 (M.D.Pa. March 29, 2019).

against Valley View after they did not offer her a full-time teaching position. Specifically, Graham alleges that Valley View chose not to hire her because of her age, and then retaliated against her by not hiring her for additional positions after she notified them of the alleged discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621, and the Pennsylvania Human Relations Act ("PHRA"), 43 PA. STAT. AND CONS. STAT. ANN. §955(A) (WEST 2018). On February 2, 2018, Valley View filed a motion for summary judgment (Doc. 29) and statement of facts (Doc. 30). Then, on February 15, 2018, Valley View filed a brief in support of its motion (Doc. 31). Graham filed a brief in opposition to Valley View's motion (Doc. 35) and counter-statement of facts (Doc. 34) on March 19, 2018. Thereafter, on April 2, 2018, Valley View filed a reply brief (Doc. 38) and statement of facts in response to that of Graham (Doc. 39). Valley View's motion is now ripe for disposition.

### III.  LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D.Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; see also *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (explaining that a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); see also *Celotex,* 477 U.S. at 325. If the moving party meets this initial

burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Federal Rule of Civil Procedure 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23; *Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

## IV. MATERIAL FACTS

The following are the undisputed facts material to resolving the pending motion for summary judgment.[2] Graham applied for a full-time teaching position with Valley View, where she has worked as a substitute teacher. The application process consisted of three rounds—the resume and portfolio review, the interview, and the mock lesson plan presentation. At

---

[2] The relevant facts are taken from the pleadings (Doc. 11; Doc. 13), Valley View's statements of fact (Doc. 30; Doc. 39), and Graham's statement of facts (Doc. 34). Any material facts that remain in dispute are noted as such.

each round of the application process, applicants received a score from their evaluators based on a rubric.

Graham advanced to the final round of the application process along with nine other applicants. By taking an average of all the applicants' scores in the final round of the application process, Graham ranked ninth out of the ten remaining applicants. On July 22, 2013, Valley View hired the three applicants with the highest average score in the final round, each of whom were under the age of forty. Graham, who was forty-eight-years-old at the time, was not offered a full-time teaching position at Valley View. Then, on August 12, 2013, Graham, through her attorney, sent a letter to Valley View notifying them that she believed she was not hired because of her age and that this violated the law.

In August of 2013, Valley View filled two additional teaching positions. First, on August 14, 2013, Valley View transferred Melissa Casarin ("Casarin") into one of the positions. At the time of the transfer, Casarin was forty-two-years old. Next, Valley View hired Jim Siekierka ("Siekierka"). Siekierka was less than forty-years-old at the time of his hiring. Siekierka was one of the ten applicants, who advanced to the final round of the previously mentioned application process along with Graham. Siekierka's average scores from the final round ranked tenth out of the ten applicants.

**V. DISCUSSION**

Graham has alleged age discrimination and retaliation claims against Valley View, all of which are the subject of the pending motion for summary judgment. The court will first address Valley View's motion as to the age discrimination claims and then will evaluate their arguments concerning the retaliation claims.

**A. Discrimination Claims**

The parties agree that claims under the ADEA and PHRA are evaluated under the well-established *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

> Under *McDonnell Douglas*, the employee must make out a *prima facie* case of intentional discrimination. Whether the employee has done so is a question of law for the court. If the plaintiff establishes a *prima facie* case, the defendant has a "relatively light burden" to produce evidence of a legitimate, non-discriminatory reason for its actions. The burden then shifts back to the plaintiff to show that the given reason was a pretext for the defendant's actual discriminatory motive. To avoid summary judgment, then, [Graham needs] to establish a *prima facie* case of discrimination and produce evidence that would allow a factfinder to reasonably conclude that any non-discriminatory reasons articulated by [Valley View] were pretextual.
>
> In order to establish a *prima facie* case of discrimination under *McDonnell Douglas*, the plaintiff must prove that (1) [she] is a

member of a protected class; (2) [she] was qualified for the position; (3) [she] suffered an adverse employment action; and (4) the circumstances could give rise to an inference of unlawful discrimination. Such an inference may be drawn if the plaintiff identifies "a similarly situated individual outside of the protected class, who engaged in the same conduct but was treated more favorably."

*Cooper v. Thomas Jefferson Univ. Hosp.*, 743 Fed.Appx. 499, 501-02 (3d Cir. 2018) (citations omitted).

### a. July 22, 2013 Hiring

Valley View concedes for summary judgment that Graham has established her *prima facie* case regarding the denial of her employment on July 22, 2013. The court's independent review of the record confirms that she has met her burden to demonstrate a *prima facie* case for her claim arising from July 22, 2013. To this end, Graham was over forty-years-old when she applied for several open full-time teaching positions; she was a finalist and among ten individuals considered for the positions; and, Valley View hired substantially younger candidates to fill these roles. Hence, the burden shifts to Valley View to provide its legitimate, non-discriminatory reasons for declining to hire Graham for the positions. *Fuentes v. Perskie,* 32 F.3d 759, 763 (3d Cir. 1994).

Valley View argues that Graham was not offered a position on July 22, 2013 "because the three available positions were offered to [the applicants with] the top three scores of the mock lesson plan interview." (Doc. 32, at 8). Valley View supports this argument by showing that Graham's score in the mock lesson plan presentation ranked her ninth out of the ten remaining applicants. Having considered the evidence in the light most favorable to the non-movant, Graham, the court finds that Valley View has met its burden of production to present admissible evidence, which, taken as true, provides legitimate, nondiscriminatory reasons for its hiring decisions.

Now, to establish pretext, Graham "must point to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes*, 32 F.3d at 761-64. Graham easily meets her burden because roughly one month after offering the teaching positions to the top three scoring applicants; Valley View completely contradicts themselves by hiring Jim Siekerka ("Siekerka"), who was under forty-years-old and had the lowest score in the final round of the application process. Valley View appears to allege that the ten applicants, who were considered for the positions offered on July 22, 2013, were only

being considered for the positions offered on that day, but, nevertheless, Siekerka was one of those original ten applicants, yet was still selected for this additional position, despite having the lowest score.

The court finds that there are genuine disputes of material fact from which a reasonable jury could determine that Valley View's articulated non-discriminatory reason of Graham's inferior final round scores is a pretext for discrimination. Thus, Valley View's motion for summary judgment as to the hiring decisions on July 22, 2013, must be **DENIED**.

### b. *August 14, 2013 Hiring*

The court next evaluates Graham's claim arising from Valley View's failure to hire her for a teaching position on August 14, 2013. Valley View challenges the sufficiency of Graham's *prima facie* case. Valley View argues that because Melissa Casarin ("Casarin") was over forty-years-old that Graham cannot prove a *prima facie* case of age discrimination. Graham argues that the ADEA protects individuals based on their age, not on class membership. Specifically, she alleges it is not relevant that someone older than forty lost out to another person over forty, as long as the reason that the individual lost out was their age.

Graham's counter-argument rests primarily on the opinion of Justice Scalia in *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308 (1996). She argues that a person can be the victim of discrimination under the ADEA even if their replacement is also over forty-years-old. Graham's argument is correct in that "[t]he fact that one person in the protected class has lost out to another person in the protected class is . . . irrelevant, so long as [s]he has lost out *because of [her] age*." *O'Connor*, 517 U.S. at 312.

Considering there is an eight-year difference in age between Graham and Casarin, and Valley View has not raised any additional arguments on this point, the court finds that a reasonable factfinder may conclude that Graham has established her *prima facie* case of discrimination regarding the August 14, 2013 hiring, and the court must **DENY** Valley View's summary judgment motion as it relates to the August 14, 2013 hiring.

### c. August 28, 2013 Hiring

Valley View concedes for summary judgment that Graham has established her *prima facie* case regarding the denial of her employment on August 28, 2013. Next, the burden shifts to Valley View to provide its legitimate non-discriminatory reasons for declining to hire Graham for the position. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994).

Valley View claims that "Jim Siekerka was given the position based upon the recommendation of the principals who thought he would be the best candidate." (Doc. 32, at 8). However, this reason is suspect because Valley View did not follow their typical hiring process. Simply based on the fact that Valley View changed their hiring procedures for this position, a reasonable factfinder may conclude that Valley View's stated reasons are pretextual. But, when a factfinder considers that in one instance Valley View claims to have selected applicants because they received the highest scores in the final round of the application process; and in the other instance, Valley View hired the applicant, who received the worst score out of the same group of applicants using a different hiring procedure, the same factfinder may also conclude that Valley View did not hire Graham because of her age.

As such, genuine disputes of material fact remain, and they require the court to **DENY** summary judgment as it relates to the August 28, 2013 hiring.

### B. Retaliation Claims

The court now turns to Graham's retaliation claims under the ADEA and PHRA, which focus on the August 14, 2013 hiring of Casarin and the August 28, 2013 hiring of Siekerka. Like the age discrimination claims, the *McDonnell Douglas* burden-shifting framework is applied to analyze

retaliation claims. See *Daniels v. School Dist. of Phila.*, 776 F.3d 181, 192-93 (3d Cir. 2015). The only difference is the framing of the *prima facie* case. To establish a *prima facie* case of retaliation, Graham must show that: (1) she engaged in protected activities; (2) the employer took an adverse action against her; and (3) a causal link exists between the employee's protected activities and the employer's adverse action. *Id.* (citations omitted). Also, several courts in our state have said that when a plaintiff claims retaliation in the form of failure to hire, the plaintiff must also show that: (4) they applied for an available job; and (5) they were qualified for the position. *See e.g. Marchionda v. Precision Kidd Steel Co.*, No. 15-323, 2016 WL 3522034 at *7 (W.D.Pa. June 28, 2016) (citing *Morgan v. Fed. Home Loan Mortg. Corp.*, 328 F.3d 647 651 (D.D.C. 2003)).

Graham engaged in protected conduct when she sent a letter to Valley View notifying them of her good-faith belief that she was not hired on July 22, 2013, due to age discrimination. Further, Graham has submitted evidence that following the mailing of the letter; she was not selected for a full-time teaching position on August 14, 2013, and August 28, 2013.

Considering that the teaching positions filled in August were the next available positions after Graham sent her letter to Valley View, and that less sixteen days passed between the mailing of the letter and the second hiring;

the court finds that the circumstances of this case viewed in the light most favorable to Graham are sufficient to establish the causal link requirement.

Valley View alleges that Graham was not considered for one of the positions because the position was filled with someone already working for Valley View. However, just because an employer fills a job position internally does not mean that the employer did not consider any external applicants for the same position. To the extent Valley View attempts to argue that Graham never applied for the August 2013 positions, a plaintiff does not have to specifically apply to the position to satisfy a *prima facie* case for discriminatory hiring, rather the plaintiff must make every reasonable attempt to convey their interest in the job to the employer. *Marchionda*, 2016 WL 3522034 at *7. Not only did Graham teach for Valley View for several years as a substitute teacher, but she also applied and went through two rounds of interviews for a full-time teaching position with Valley View just two weeks before their internal transfer.

There appears to be no dispute that Graham was qualified for either of the full-time teaching positions that Valley View filled in August of 2013. Overall, the court believes Graham has presented sufficient evidence from which a reasonable factfinder can conclude that Valley View refused to hire her during August of 2013 in retaliation for her mailing the letter accusing

Valley View of discrimination just weeks earlier. The court's evaluation of Valley View's legitimate, non-discriminatory reasons and the pretext evidence concerning the age discrimination claim outlined above remains the same for the retaliation claims. For essentially the same reasons, the court believes Graham has presented sufficient evidence that a reasonable jury could likewise conclude that Valley View's proffered reasons are a pretext for retaliation and must **DENY** Valley View's motion for summary judgment on the retaliation claims for its refusal to hire her for those positions.

## VI. CONCLUSION

Based on the foregoing, Valley View's motion for summary judgment (Doc. 29) shall be **DENIED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 30, 2019**
16-1990-01